**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| TIMOTHY LARON DRAKE, | § | |
| Petitioner, | § | |
| V. | § | A-15-CV-0115-LY-ML |
| | § | (A-12-CR-0479-LY) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Timothy Laron Drake's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody" [Dkt. #39] (hereafter, "Original 2255 Motion"), Petitioner's "Supplemental Motion" (contained within "Motion for Leave to Supplement and/or Amend Pleading" [Dkt. #41]) (hereafter, "First Supplement"), the "Government's Response to Movant's Motion to Vacate, Set Aside, or Correct Sentence" [Dkt. #48] (hereafter, "Response"), and the Petitioner's "Supplement Pleading" [Dkt. #51] (hereafter, "Second Supplement"). The Government addressed Petitioner's First Supplement in its Response. The Magistrate Court provided the Government 60 days to respond to Petitioner's Second Supplement, which time has now expired with no further briefing.

The Motion and related briefing were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

1

## I.   BACKGROUND

### A.  Procedural History

On December 18, 2012, Timothy Laron Drake ("Drake") was charged in a one-count indictment as a felon in possession of a firearm, in violation of 18 U. S. C. § 922(g)(1). This statute carries no minimum penalty, and authorizes a maximum penalty of ten years' imprisonment.  18 U.S.C. § 924(a)(2).  Pursuant to a written plea agreement, Drake plead guilty to the indictment on November 18, 2013.  Drake's plea agreement included waiver of his rights to both direct appeal and collateral attack on his conviction and sentence.  Resp. [Dkt. #48] Ex. C, Plea Agrmt. at 4.  The United States agreed to recommend a sentence "within the sentencing guideline range found by the District Court."  *Id.* at 7.

The United States Sentencing Guidelines (the "Guidelines"), recommend a sentencing range for each offender based the offender's Criminal History Category and a series of weighted factors that, calculated together, form the offender's Total Offense Level.  Based on his Total Offense Level of 23 and his Criminal History Category of VI, Drake was subject to a "Guideline sentence" of between 92 months and 115 months.  Pre-Sentence Report ("PSR") ¶ 67.  On January 27, 2014, Drake was sentenced to a term of imprisonment of 92 months.  Drake filed no direct appeal.

On February 9, 2015, pro se, Drake filed the instant motion to vacate his sentence pursuant to 28 U. S. C. § 2255.  Drake sought and received leave to file his First Supplement to his 2255 Motion on March 27, 2015.  The Government responded to the Original 2255 Motion and the First Supplement on July 14, 2015.  On November 3, 2015, Petitioner was granted leave to file his Second Supplement.   The Government elected to rest on its prior Response briefing.

2

**B.  Issues Presented**

Drake's Original § 2255 Motion alleges the Guideline range of 92-115 months that informed his sentence was too high.   Orig. § 2255 Pet. [Dkt. #39] at 4.  According to Drake, his Guideline range was inflated because his Total Offense Level (on which the Guideline range is based) included a six point enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for using a firearm in connection with a felony offense.  *Id.*; PSR ¶ 17.[1]  Drake alleges Amendment 784 to the Guidelines (effective November 1, 2014) is a "clarifying amendment" that prohibits applying this enhancement in the way it was used to calculate his Total Offense Level during his January 2014 sentencing. Orig. § 2255 Pet. [Dkt. #39] at 4-6.

Because Drake believes Amendment 784, as a clarifying amendment, relates back to Amendment 759, a 2011 Sentencing Guideline Amendment, he claims an ex post facto violation may have occurred when he received a higher Total Offense Level than was appropriate under the clarified Guidelines.  *Id.* at 7-8.  Additionally and in the alternative, he asserts *Alleyne v. United States,* 133 S. Ct. 2151 (2013), dictates the factual basis for his § 2K2.1(b)(6)(B) firearm-in-connection-with-a-felony adjustment should have been found by the factfinder beyond a reasonable doubt.  *Id.* at 9-10.

Drake's First Supplement [Dkt. #41] asserts his claims are not time barred and argues his counsel provided ineffective assistance by requiring Drake to waive his right to direct appeal and to collateral review in a 28 U.S.C. § 2255 motion.  *Id.* at 1.  Drake further alleges his attorney's insistence that Drake waive his rights to appeal and collateral review was a conflict of interest. *Id.*  Drake asserts an evidentiary hearing is required to resolve these claims. *Id.* at 1-2.

---

[1] Four points, not six points, were attributed to the U.S.S.G.§ 2K2.1(b)(6)(B) enhancement in Drake's case. PSR ¶ 17.  Drake acknowledges this calculation error in his Second Supplement [Dkt. 51], in which he seeks the removal of "the 4 level increase in his Total Base Offense Level." *Id.* at 1.

Finally, Drake's Second Supplement [Dkt. #51] argues his counsel was ineffective for failing to raise the flaws outlined in Drake's Original § 2255 Motion concerning the calculation of his § 2K2.1(b)(6)(B) Total Offense Level enhancement. *Id.* at 1. Drake requests that he be re-sentenced based on a four point decrease in his Total Offense Level in light of Amendment 784. *Id.*

## II.   STANDARD OF REVIEW

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### A.  Waiver of Collateral Review

A defendant can waive his right to appeal and seek post-conviction relief as part of a plea agreement. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). *See also United States v.*

*Del Toro-Alejandre*, 489 F.3d 721, 722 (5th Cir. 2007) (informed and voluntary waiver of post-conviction relief is effective to bar such relief). The trial court must ensure the defendant fully understands his rights and the consequences of a waiver. *Wilkes*, 20 F.3d at 653 (citing *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)). So long as a waiver is knowingly and voluntarily given, the avenue of review waived is barred. *Del Toro-Alejandre*, 489 F.3d at 722.

### B.  Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal case reasonably effective assistance of counsel. U.S. CONST. amend VI; *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance of counsel claim, movant must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must demonstrate counsel's performance fell below an objective standard of reasonableness. *Id*. Under this standard, counsel must "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). Second, movant must prove he was prejudiced by counsel's substandard performance. "[T]o prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 841-42. When a defendant fails to meet either requirement of the *Strickland* test, his ineffective assistance of counsel claim is defeated. *See Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1993).

This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *United States v. Smith*, 915 F.2d 959, 963 (5th Cir. Tex. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). Drake therefore, "has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's alleged . . .

misrepresentations he 'would not have pleaded guilty and would have insisted on going to trial.'" *Smith*, 915 F.2d at 963 (quoting *Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987)).

The question whether an evidentiary hearing is necessary to resolve charges of ineffective assistance depends on an assessment of the record. *Smith*, 915 F.2d at 963 (citing *Byrne v. Butler*, 845 F.2d 501, 512 (5th Cir. 1988)). If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing.  *Smith*, 915 F.2d at 963 (citing *Clark v. Blackburn*, 619 F.2d 431, 432 (5th Cir. 1980)). If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further. *Smith*, 915 F.2d at 963.  "A hearing is also unnecessary when the petitioner's allegations are 'inconsistent with his conduct' and when he does not offer 'detailed and specific facts" surrounding his allegations.'" *Id.* (quoting *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987).

## III.   ANALYSIS

### A.  Drake's Motion Is Timely Filed

Drake contends, and the United States agrees his §2255 Motion was timely filed and its supplemental amendments relate back to this timely filing.  *See* Resp. [Dkt. #48] at 5-6.  Drake was sentenced on January 27, 2014.  Drake's sentence became final for purposes of starting the statute of limitations under 28 U.S.C. § 2255(f) when the time for filing a direct appeal expired on February 10, 2014.  28 U.S.C. § 2244(d)(1)(A); FED. R. APP. P. 4, 26.  Drake filed his Original § 2255 Motion [Dkt. #39] on February 9, 2015, just within the statute of limitations.  28 U.S.C. § 2244(d)(1)(A); *Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004).  The First Supplement and Second Supplement concern claims "that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  FED. R. CIV. P.

15(c)(1)(B).  Therefore, they relate back to the Original § 2255 Motion and are likewise timely filed.  *Id.*

### B.  Drake Has Waived the Arguments Presented in His Original § 2255 Motion

Although Drake's Original § 2255 Motion is timely filed, it raises only arguments Drake has waived the right to assert on collateral review.  *Del Toro-Alejandre*, 489 F.3d at 722.  At his November 18, 2013 plea hearing before the United States Magistrate Judge, the key provisions of the Plea Agreement were summarized, including the provisions concerning waiver of review:

> US Attorney:  Both defendants have been advised in the plea agreement as to their Fourth, Fifth, and Sixth Amendment Rights and the consequences of the plea agreement they're going to enter into as well as the waiver of specific rights.
>
> Within those documents is contained a waiver of their right to appeal and/or collaterally attack the conviction or sentence in their respective cases.  They understand they're giving up the right to appeal or collaterally attack the conviction or sentence in their cases, with two exceptions.  If they have good-faith allegations of ineffective assistance of counsel or prosecutorial misconduct— excuse me—the defendants can appeal or collaterally attack. Otherwise, they have given up those rights.

Resp. [Dkt. #48] Ex. A, Tr. Nov. 18, 2013 Plea Hrg. at 12:20-13:08.

Drake affirmed on the record that he had read his plea agreement.  *Id.* at 16:04-16:07.  To the extent Drake had questions about the plea agreement, the Magistrate Court answered those questions on the record to Drake's stated satisfaction.  *Id.* at 16:15-18:02.  Drake affirmed on the record that he understood his plea agreement.  *Id.* at 18:03-18:05. The Magistrate Court further admonished Drake on the record:

> Magistrate Court: In addition, you've all three agreed to waived rights to appeal either your conviction and your sentence in your case, except in some limited circumstances.  All three of you have the right to appeal if you are arguing that the conviction or

> sentence was the result of ineffective assistance by your attorney or
> misconduct by the prosecutor.  In those cases you've got the right
> to appeal or challenge your sentence in a separate proceeding. . .
> Other than what I've described, though, each of you has given up
> your right to appeal by this agreement if it's accepted by the
> district judge.  Do you understand that?
>
> . . .
>
> Drake:  Yes, sir.

*Id.* at 19:06-19:24.  After hearing that admonishment and the factual basis for his guilty

plea read into the record, Drake affirmed in open court that he was making his plea of guilty

freely and voluntarily.  *Id.* at 32:19-32:22.  The Magistrate Court specifically found Drake's plea

was freely and voluntarily made.  *Id.* at 36:05-36:13.

At his sentencing on January 27, 2014, Drake affirmed that he remembered pleading

guilty before the Magistrate Court on November 18, 2013, *Id.* at 02:12-02:15.  Drake affirmed

his intention to continue with the guilty plea at sentencing, *id.* at 02:16-02:17, and specifically

reaffirmed the statements made in his plea agreements and in the factual basis presented to the

Magistrate Court at the plea hearing.  Resp. [Dkt. #48] Ex. B, Tr. Jan. 27, 2014 Sentencing Hrg.

at 02:21-02:25.

On this record, Drake's waiver of his right to collateral attack on any grounds other than

ineffective assistance of counsel is effective.    *Wilkes*, 20 F.3d at 653.  His knowing and

voluntary waiver, made in writing and affirmed in open court, bars him from pursuing the

arguments presented in his Original § 2255 Motion concerning the proper calculation of his Total

Offense Level at sentencing.  *Del Toro-Alejandre*, 489 F.3d at 722.

### C.  Drake's Ineffective Assistance Of Counsel Claims Are Unsupported

Drake's First Supplement [Dkt. #41] alleges ineffective assistance of counsel.  *Id.* at 1.

Specifically, Drake alleges his attorney "was ineffective for requesting that he waive his right to

8

a direct appeal." *Id.* Drake asserts he would not have consented to "that type of waiver" had he been properly informed of its consequences. Drake makes the same allegation concerning his attorney's "request[] that he waive his right to a 28 U.S.C. § 2255." *Id.* According to Drake, his attorney misinformed him that waiver of the right to direct appeal and collateral review was "the only way he could receive a guilty plea and the only way he could receive acceptance of responsibility 3 level reduction in his sentence," and this advice was a "conflict of interest." *Id.*

In his Second Supplement [Dkt. #51], Drake attempts to revive his sentencing calculation arguments by contending counsel was ineffective for failing to make them at the sentencing hearing. Drake asserts "it was impossible for counsel to effectively assist him if such a conflict [existed] as to how 2K2.1(b)(6)(B) was to be applied." *Id.* at 1. For the reasons outlined below, neither of Drake's ineffective assistance claims meets the *Strickland* test. 466 U.S. at 687.

## 1. *Record Evidence Contradicts Coercion, Conflict of Interest Claims*

Drake's claim that his counsel falsely advised him he had to waive his right to appellate and collateral review in order to receive a three level reduction in his sentence is not supported by Drake's own statements on the record in open court.

> Magistrate Court:  Now, are each of you making your pleas of guilty freely and voluntarily?
>
> Drake:  Yes, sir.
>
> Magistrate Court:  And are you pleading guilty to these charges because you are guilty and for no other reason?
>
> Drake:  Yes, sir.
>
> Magistrate Court:  Has anyone threatened you or forced you in any way to make you plead guilty?
>
> Drake:  No, sir.

> Magistrate Court:  And, other than the plea agreement you have with the government, has anyone made any promise to you about—in any way about anything to make you plead guilty?
>
> Drake:  No, sir.
>
> Magistrate Court:  And finally, has anybody other than your plea agreement made any promise to you about what your sentence is going to be?
>
> Drake:  No sir.

Resp. [Dkt. #48] Ex. A, Nov. 18 Plea Hrg. at 32:19-33:20 (Responses of unrelated defendants omitted.)

"[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  To overcome sworn statements that his plea is voluntary and knowing, and not based on promises or representations outside the plea agreement, a defendant must allege (1) the exact terms of the alleged promise or misrepresentation, (2) exactly when, where, and by whom the promise or misrepresentation was made, and (3) the precise identity of an eyewitness to the promise or misrepresentation.  *Id.*  Mere conclusory allegations are "insufficient to establish that [Drake] could overcome his sworn statements at rearraignment."  *United States v. Ard*, 298 F. App'x. 337, 341 (5th Cir. 2008).

Drake's sworn statements at the plea hearing, set forth above, directly contradict his conclusory allegations that his attorney had some unspecified conflict of interest that caused him to tell Drake that the only way he could get a guilty plea and a reduction in his sentence was to waive his rights to review.  First Supplement [Dkt. #41] at 1.  In light of the record of the Plea Hearing, conducted under oath, no evidentiary hearing is required to test the validity of Drake's unsworn, conclusory allegations of ineffective assistance.  Smith, 915 F.2d at 964; *Cervantes*, 132 F.3d at 1110.

*2.   Waived Arguments are Not Grounds for Ineffective Assistance Relief*

Drake attempts to avoid the bar imposed by his knowing, voluntary waiver of collateral review by re-casting his arguments concerning the calculation of his sentence as claims for ineffective assistance of counsel.  Drake re-stages his attacks on the increase in his total offense level by arguing counsel did not have the benefit of the U.S.S.G.'s "clarification" amendment at the time Drake was sentenced.  2d Suppl. [#51] at 1.

The effectiveness of an attorney's representation, however, must be gauged "on the facts of the particular case, viewed *as of the time of counsel's conduct.*"  *Strickland*, 466 U.S. at 690 (emphasis added).  Drake's attorney did not fall below a reasonable level of professional conduct by failing to foresee the alleged effects of Amendment 784 on the application of 2K2.1(b)(6)(B) to Drake's sentencing Guidelines calculation on January 27, 2014—particularly in light of the fact that Amendment 784 did not go into effect until November 1, 2014 and was not made retroactive.

Moreover, presuming Drake's ineffective assistance claim encompasses each of the Claims One through Four asserted in his Original § 2255 Motion as examples of ineffective assistance in arguing the proper sentencing range, the arguments Drake contends his attorney should have made fail on their merits.  Specifically, Claims One and Two rest on Drake's belief that Amendment 784, effective November 1, 2014, requires the recalculation and reduction of his total offense level, and therefore require a reduction in his Guideline range.  Orig. § 2255 Pet. at 3-6. Drake made the same arguments in his contemporaneous "Motion for Modification of Term of Imprisonment Pursuant to Title 18 U.S.C. 3582(c)(2)" [Dkt. #38] (hereafter, "Motion for Modification").  The District Court denied the Motion for Modification in a one-page order, explaining "Because Amendment 784 does not lower the sentencing range and is not retroactive

pursuant to U.S.S.G. §1B1.10, [Drake] is not eligible for any further reduction in sentence." Order [Dkt. #46] (citing 18 U.S.C. § 3582(c)(2)).[2]

Count Three of Drake's Original § 2255 Motion alleges a violation of the ex post facto clause.  Orig. § 2255 Pet. [Dkt. #39] at 7 (citing *Peugh v. United States*, 133 S.Ct. 2072 (2013) (ex post facto clause may be violated when the guideline in effect at the time of sentencing calls for a higher sentence than the guideline in effect when the defendant committed the offense of conviction).  Drake's argument is convoluted, but essentially he asserts the guideline applied at his sentencing was higher than the one that should have been applicable to his offense of conviction.  Orig. § 2255 Pet. [Dkt. #39] at 7.

Drake asserts "on May 23, 2011, the Sentencing Commission had already passed Amendment 759, in 2010, which would mean that this was done prior to [Drake's] sentencing date on 1/27/2014."  Orig. § 2255 Pet. [Dkt. #39] at 7.  Drake asserts his January 27, 2014 sentence "should be in compliance with the November 1, 2010 guideline Amendments, after relying on the clarification Amendment of 2014."  *Id.*  Drake contends Amendment 759, read in conjunction with Amendment 784, makes clear "that you cannot provide a 6 point increase under 2K2.1(b)(6)(B)."  *Id.*  Therefore, he asserts his Total Offense Level increase is a violation of the ex post facto clause.  *Id.*

While Drake is correct that Amendment 759 was in effect at the time of his sentencing, it is unclear how this Amendment (concerning Section 1B1.10(b) of the Guidelines, not 2K2.1(b))

---

[2] Drake relies on "Amendment 784 . . . along with Amendment 779" in his sentencing recalculation arguments in the Original § 2255 Petition.  Amendment 779 is no more retroactive than Amendment 774.  *See* U.S.S.G. §1B1.10,.  Like Amendment 784, Amendment 779 has no effect on the potential sentencing range applicable to Drake's offense of conviction.  Therefore, the reference to Amendment 779 in his § 2255 arguments does not change the result already reached by the District Court, denying Drake's Motion for Modification of his sentence.  Order [Dkt. #46].

sheds light on the proper calculation of Drake's base offense level pursuant to 2K2.1(b)(6)(B). In any event, his argument must fail because, in his own words, the argument relies on reading an Amendment effective at the time of his sentencing in conjunction with an Amendment that did not become effective until after he was sentenced and (as explained above) is not retroactive.

Drake's final contention in his Original § 2255 Motion is that his sentence must be reconsidered under *Alleyne v. United States*, because the facts leading to his 2K2.1(b)(6)(B) increase were not determined by a jury but were simply facts presented in the presentence report and found by the judge under a preponderance of the evidence standard.  Orig. § 2255 Pet. [Dkt. #39] at 9-10 (citing 133 S. Ct. 2151 (2013)).  Drake's concern is misplaced.  *Alleyne* applies to factual findings that trigger mandatory statutory minimum sentences.  *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013).  Drake's offense of conviction and his sentencing characteristics did not trigger any statutory minimum penalty. *See* Resp. [Dkt. #48] Ex. C, Plea Agreement, at 2. Therefore, *Alleyne* does not apply.  *Tuma*, 738 F.3d at 693.

Moreover, an *Alleyne* challenge would fail on its merits because Drake admitted, under oath, the facts underlying his 2K2.1(b)(6)(B) increase:  that he was a felon in possession of a firearm, that he had obtained the firearm in trade for illegal drugs, and that the firearm was stolen.  Resp. [Dkt. #48]  Ex. C, Plea Agreement at 10-11; *Id.* at Ex. B, Tr. Sentencing Hrg. at 1:21-1:25; *Id.* at Ex. A, Tr. Guilty Plea at 35:13-35:21.

Because Drake cannot show that his counsel's representation fell below an objective standard of reasonableness or that the outcome of the proceedings would likely have been different if counsel had proceeded as Drake, in hindsight, would have wished, his ineffective assistance of counsel claims must fail.  *Conley*, 349 F.3d at 841-42.

**IV.   RECOMMENDATIONS**

For the reasons outlined above, the Magistrate Court respectfully RECOMMENDS Timothy Laron Drake's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody" [Dkt. #39], as supplemented [Dkt. #41], [Dkt. #51], be DENIED.

**V.   CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

14

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the District Court not issue a certificate of appealability.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED January 22, 2016

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE